[Docket Nos. 79 & 84]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MICHAEL TROSO,

          Plaintiff,

   v.

CITY OF ATLANTIC CITY, et al.,

          Defendants.

Civil Action No.
10-CV-1566(RMB/JS)

**MEMORANDUM ORDER**

     This matter comes before the Court upon two motions in limine. Defendants filed a motion in limine seeking to 1) bar introduction of a video recording from the Trump Marina Hotel and Casino; 2) bar the use of Internal Affairs Summary Reports and Summaries of the Use of Force Reports; 3) bar Plaintiff's expert report; and 4) bar reference to a named Defendant's DUI conviction. [Docket No. 79]. Plaintiff filed a cross-motion in limine seeking to compel the Defendants to produce a video recording obtained from the Trump Marina Hotel and Casino. [Docket No. 84].

     This Court held a conference call with the parties on October 8, 2013 to address these motions on the record and reserved decision in part. As stated on the record, the Court

finds that the video currently in possession of both parties, which is the subject of the Defendants' motion, is admissible. The parties have been given leave by this Court to depose an additional witness from the former Trump Marina Hotel and Casino, now the Golden Nugget Atlantic City, as to the authentication of the video. Because Plaintiff's cross-motion seeks to compel production of a video in possession of the Defendants, that request is dismissed as moot. Relatedly, and for reasons discussed on the record, Plaintiff's expert is barred from testifying as to the quality and editing of the video.

Defendants' motion also seeks to bar Plaintiff from referencing a "Driving Under the Influence" conviction of Defendant Officer Joseph Kelly. As stated on the record, this Court agrees that such evidence is irrelevant and Defendants' motion should be granted on this point.

The Defendants also object to Plaintiff's expert report as hearsay and because it references use of force summaries from 2009 and Internal Affairs complaints from after the date of the incident at issue, August 9, 2008. As the Court stated on the record, it agrees that incidents after the Plaintiff's arrest are not relevant, and, therefore, Plaintiff's expert report is inadmissible to the extent it relies on such evidence. The parties have not, however, provided this Court with a copy of

the expert report, so the Court will reserve decision on all other aspects of admissibility of that report until the time of trial.

Finally, with respect to the Internal Affairs Summary Reports and the Summaries of Use of Force Reports, Defendants assert that those reports are purely statistical in nature, not relevant to Plaintiff's claims, and unfairly prejudicial to the Defendants.  Plaintiff counters by arguing that both sets of reports are directly relevant to Plaintiff's municipal liability claim predicated on a failure to train claim.  See <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978).

The Court will reserve decision as to the admissibility of both sets of reports pending further briefing by the parties. The Court needs further briefing from the parties as to the probative value versus prejudicial nature of these reports. More specifically, the Court seeks to better understand why these reports should not be excluded as purely statistical in nature.  See <u>Beck v. City of Pittsburgh</u>, 89 F. 3d 966 (3d Cir. 1996)(finding that the plaintiff must present "more than mere statistics" such as "evidence of actual written civilian complaints.").

ACCORDINGLY, IT IS HEREBY on this **10th** day of **October 2013**,

**ORDERED** Defendants' motion in limine is GRANTED IN PART and DENIED IN PART and RESERVED IN PART; and it is further

3

**ORDERED** that Plaintiff's cross-motion in limine is DISMISSED as moot; and it is further

**ORDERED** that Plaintiff shall submit further briefing pursuant to this Order on or before October 24, 2013, and Defendants shall have the opportunity to respond to Plaintiff's submission on or before November 5, 2013.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge