IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MICHAEL TROSO,

          Plaintiff,

  v.

CITY OF ATLANTIC CITY, et al.,

          Defendants.

Civil Action No.
10-CV-1566(RMB/JS)

**MEMORANDUM ORDER**

This matter comes before the Court upon further briefing by the parties pursuant to this Court's Order [Docket No. 87]. This Court asked the parties to provide more information with respect Defendants' motion in limine seeking, in relevant part, to bar the use of Internal Affairs Summary Reports and Summaries of the Use of Force Reports. [Docket No. 79].

With respect to the Internal Affairs Summary Reports and the Summaries of Use of Force Reports, Defendants assert that those reports are purely statistical in nature, not relevant to Plaintiff's claims, and unfairly prejudicial to the Defendants. Plaintiff counters by arguing that both sets of reports are directly relevant to Plaintiff's municipal liability claim predicated on a failure to train claim. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

In their supplemental briefs, the parties direct this Court to guidance contained in Beck v. City of Pittsburgh, 89 F.3d 966 (3d Cir. 1996); Merman v. City of Camden, 824 F. Supp. 2d 581 (D.N.J. 2010); and Katzenmoyer v. Camden Police Dept., No. 08-1995, 2012 U.S. Dist. LEXIS 180705 (D.N.J. Dec. 21, 2012).

Pursuant to these authorities, it is clear that where a party seeks to submit statistical evidence showing the frequency of excessive force complaints and the rate at which those complaints are sustained to support a municipal liability claim under 42 U.S.C. § 1983, as Plaintiff seeks to do here, he "must show why those prior incidents were wrongly decided and how the misconduct in those cases is similar to that involved in the present action." Katzenmoyer, 2012 U.S. Dist. LEXIS at *14.

In Beck, the plaintiff accomplished this by offering "actual written civilian complaints of a similar nature . . . containing specific information pertaining to the use of excessive force and verbal abuse [by a defendant]." 89 F.3d at 973. Alternatively, where such evidence is not available, the Court has found that a plaintiff could rely on such statistical evidence where it was bolstered by a sample of forty Internal Affairs Reports bearing similarities to that plaintiff's own case. Merman, 824 F. Supp. 2d at 593-94.

"Isolated and without further context, however, statistical evidence alone may not justify a jury's finding that a municipal

2

policy or custom authorizes or condones the unconstitutional acts of police officers." Merman, 824 F. Supp. 2d at 581. Here, Plaintiff has not offered the additional evidence needed to properly bolster or contextualize the Internal Affairs Summary Reports and Summaries of the Use of Force Reports he seeks to present in support of his Monell claim. Instead, he points out only one excessive force complaint filed against Defendant Vadell prior to the incident involving Plaintiff and offers no details regarding this incident or the incidents reflected in the Use of Force Reports filed by Defendants Vadell or Wheaten in support of his argument that the Internal Affairs Summary Reports and Summaries of the Use of Force Reports attached to Docket No. 80 as Exhibits B-F should be admitted. Because guidance from the Third Circuit and other courts in this District is clear on this issue, this Court must grant Defendants' motion in limine. See Katzenmoyer, 2012 U.S. Dist. LEXIS at *16 (finding that where plaintiff offered record evidence showing that between 2003 and 2009 there was only one sustained grievance where 641 Internal Affairs complaints were filed was, standing alone, insufficient to support a finding of municipal liability under § 1983).

ACCORDINGLY, IT IS HEREBY on this **15th** day of **November 2013**,

**ORDERED** Defendants' motion in limine is GRANTED with respect to barring the use of Internal Affairs Summary Reports and Summaries of the Use of Force Reports.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge